[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#108)
The plaintiff, Employment Store, Inc., filed a complaint against the defendant, Metropolitan District Commission, under General Statutes § 31-293, to recover compensation the plaintiff has paid or will be obligated to pay in the future under the Workers' Compensation Act to one of its employees, Max Hines, who was injured while working at the defendant's facilities. According to the allegations in the complaint, the injuries to Hines were caused by the negligence of the defendant.
The defendant has filed a motion for summary judgment, arguing that there exists no genuine issue of material fact, and it is entitled to judgment as a matter of law, because the plaintiff was contractually obligated to indemnify the defendant for such loss which it pleaded as a special defense. The defendant provides an affidavit of its purchasing agent, a copy of the contract between it and the plaintiff and a certificate of insurance, together with a memorandum of law, in support of its motion.
The plaintiff filed an objection to the motion for summary judgment and a memorandum in opposition. The plaintiff argues that the indemnity provision in the contract does not require the plaintiff to indemnify the defendant for its own negligence.[1]
"Practice Book § [17-49, formerly § 384] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Thompson Peck. Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). CT Page 1576
"[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Gateway Co. v. DiNoia, 232 Conn. 223, 229, 654 A.2d 342
(1995). "The unambiguous language of an indemnity clause should be given effect as expressing the parties' intention." Laudano v.General Motors Corp., 34 Conn. Sup. 684, 687, 388 A.2d 842 (1977) (Appellate Session). "The intention of the parties is to be ascertained from the language used in the contract and that language must be given its common meaning and usage where it can be sensibly applied to the subject matter of the contract." Scribnerv. O'Brien. Inc., 169 Conn. 389, 398-99, 363 A.2d 160 (1975).
Paragraph 00510.15 of the contract at issue, entitled Liability-Indemnity, provides in pertinent part that "The Contractor [plaintiff] shall at all times indemnify and save harmless the District, any municipality included therein, the State of Connecticut, and their respective officers, agents and servants on account of any and all claims, damages, losses, litigation, expenses, counsel fees and compensation: (a) arising out of injuries (including death) sustained by or alleged to have been sustained by the servants, employees or agents of the District, any municipality included therein, the State of Connecticut or the Contractor, its subcontractors or material suppliers; and (b) arising out of injuries (including death) sustained by or alleged to have been sustained by the public, any or all persons on or near the Work. or by any other person or property, real or personal (including property of the District) caused in whole or in part by the acts or omissions of the Contractor, any subcontractor, material suppliers or anyone directly or indirectly employed by them or any of them while engaged in the performance of this Contract and including any maintenance period. . . ." Defendant's Memorandum in Support of Motion for Summary Judgment, Exhibit B, ¶ 00510.15.
The plaintiff's complaint alleges that it seeks recovery under General Statutes § 31-293 based on the defendant's negligence. Although broad, the language of ¶ 00510.15 is devoid of any intent that the plaintiff must indemnify and hold the defendant harmless from the defendant's own negligence. Indeed, "[t]he general rule of law is that an intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." Laudano v. General Motors Corp.,
supra, 34 Conn. Sup. 687. CT Page 1577
As the agreement the defendant relies upon does not contain such clear and unequivocal language, it has not demonstrated the nonexistence of a genuine issue of material fact, and hence is not entitled to judgment as a matter of law.
Therefore, its motion for summary judgment must be, and is, denied.
___________________________ Teller, J.